Erin Bolan Hines (*Pro Hac Vice Pending*)
Email: EBolanHines@cozen.com
Melissa Siebert (*Pro Hac Vice Pending*)
Email: MSiebert@cozen.com
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312.474.4490
Facsimile: 312.300.5645

Rebekah R. Shapiro (SBN 262834)
Email: rrshapiro@cozen.com
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415.644.0914
Facsimile: 415.644.0978

Attorneys for Defendant
UKG INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS SENIOR COMMUNITIES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UKG, INC., and DOES 1 through 20, inclusive <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT UKG INC.'S NOTICE OF REMOVAL** <br><br> [Filed concurrently herewith Declaration of Rebekah R. Shapiro; Civil Cover Sheet; Notice of Interested Parties] <br><br> Action Filed:   1/25/2023 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant UKG, Inc. ("UKG") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the claims pending as Case No. 22CV026235 in the Superior Court of California, County of Alameda.

///

## I. NATURE OF THE REMOVED CASE.

1. Plaintiff Aegis Senior Communities, LLC ("Aegis" or "Plaintiff") filed this civil action against UKG in the Superior Court of California, County of Alameda, on January 25, 2023. A true and correct copy of the Summons and Complaint (hereinafter "Compl.") is attached as Exhibit A to the declaration of Rebekah R. Shapiro. [Declaration of Rebekah R. Shapiro ("Shapiro Decl.") ¶¶ 2-3.]

2. Plaintiff asserts six causes of action, including claims for negligence, gross negligence, violations of the California Unfair Competition Law, equitable indemnity, breach of contract, and breach of the covenant of good faith and fair dealing. *See* Compl. UKG denies these allegations.

3. Plaintiff seeks compensatory, punitive, and nominal damages, declaratory relief, attorney fees, costs and expenses. *See, e.g.*, Compl. at ¶¶ 77, 93, 99, 102, 110, 115, Prayer (a)-(b).

## II. UKG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Under 28 U.S.C. §1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

5. Plaintiff served the initial pleading on UKG on February 7, 2023. [Shapiro Decl. ¶ 7.]

6. UKG files this Notice of Removal on March 9, 2023, or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." *See* 28 U.S.C. §1446(b)(1); *see also* Shapiro Decl. ¶ 5. This Notice of Removal is therefore timely filed.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon UKG in the state action are contained in Exhibit A to the Declaration of Rebekah R. Shapiro.

8. This Court is the proper venue for removal under 28 U.S.C. § 1446(a) because it is "the district and division embracing the place where such action is pending."

9. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Alameda, and UKG will serve a copy of this Notice of Removal on all parties to the state action.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

10. This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

### A. Diversity of citizenship exists between the parties.

11. Removal under 28 U.S.C. § 1441(b) is appropriate because complete diversity of citizenship exists between Plaintiff and UKG.

12. Plaintiff is a Washington limited liability company with its principal place of business located in Bellevue, Washington. Compl. ¶ 12. The LLC members are not citizens of the State of Delaware, the State of Massachusetts or the State of Florida.

13. UKG is a Delaware corporation with dual corporate headquarters in Weston, Florida and Lowell, Massachusetts. Thus, for jurisdictional purposes, UKG is a citizen of those three states. *See* Shapiro Decl. ¶ 6; *see also* Compl. ¶ 13.

14. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus Defendants Does 1-20 are disregarded for jurisdictional purposes.

15. This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 because the sole named defendant is a citizen of Delaware, Florida and Massachusetts while Plaintiff is a citizen of Washington.

### B. The amount-in-controversy requirement is satisfied.

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17. To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," *i.e.*, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (citation omitted). If that is not facially apparent, the court then considers whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests, or the court questions, the plausibility of the defendant's allegations. *Id.* at 89, 95; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the defendant's allegations are challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

18. For purposes of determining the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

19. A defendant's showing may rely on reasonable assumptions when estimating the amount in controversy. *Arias*, 936 F.3d at 922. It does not "need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin*, 574 U.S. at 88–89 (citing H.R. Rep. No. 112-10 at p. 16 (2011)). The standard is preponderance of the evidence. Where a defendant shows that damages would exceed the threshold, "it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 888 (S.D. Cal. 2021) (cleaned up).

20. Here, it is not "facially apparent" that the amount in controversy exceeds $75,000, in that Plaintiff does not expressly allege it seeks more than that amount. But it is easy to show that in fact the amount in controversy will exceed $75,000.

21. One of Plaintiff's six causes of action is for breach of contract based on a contract between Plaintiff and UKG's corporate predecessor Kronos, Incorporated (the "Contract") for

provision of Software as a Service to Plaintiff. Compl. ¶ 105. The Contract is attached to Plaintiff's Complaint as Exhibit A and is incorporated into the complaint.

22.     The Contract contains a Limitation of Liability provision that, in relevant part, limits UKG's total aggregate liability by stating that the maximum amount of damages Plaintiff can recover in connection with the Contract are "not to exceed an amount equal to the total net payments received by [UKG] for the services in the twelve (12) month period immediately preceding the date in which such claim arises." Compl., Ex. A at 14.2.

23.     Plaintiff alleges that its monthly fee paid to UKG under the contract was $8,725. Compl. ¶ 53.

24.     The Contract thus contemplates potential damages for Plaintiff's breach of contract claim alone in excess of the statutory amount in controversy requirement ($8,725 X 12 = $104,700).

25.     Plaintiff also alleges damages and additional costs due to UKG's alleged actions including but not limited to: outside contractors and consultants to assist in processing manual payroll; overtime hours paid to employees tasked with manually recording working hours and breaks; defending labor claims caused by inaccurate or untimely payments; outside consultants to assist with restoring their payroll system and exporting time information from timeclocks during the period of the outage; overpayments to employees as a result of not being able to accurately capture their time; shipping costs for shipping paper checks to employees via FedEx; and costs associated with issuing amended W-2 forms. Compl. ¶ 77.

26.     Plaintiff also seeks to recover from UKG any judgment or settlement that it may ultimately face in a class action lawsuit filed against Plaintiff by one of its employees. Compl. ¶¶ 100-102. That class action lawsuit includes claims for: damages and restitution pursuant to the Fair Labor Standards Act ("FLSA"), California Labor Code, and California Business and Professions Code; compensatory damages; civil penalties pursuant to the FLSA, California Labor Code, and the laws of the State of California; and reasonable attorneys' fees as provided by the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5.

27. Additionally, Plaintiff seeks to recover both punitive damages (Compl. ¶¶ 93, 110, 115) and attorneys' fees (Compl. ¶¶ 99), each of which can be included in the calculation of the amount in controversy requirement. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.").

28. A defendant may rely on reasonable assumptions when estimating the amount in controversy. *Arias*, 936 F.3d at 922. It is reasonable to assume that, given the litany of alleged damages Plaintiff seeks to recover from UKG, including attorneys' fees for both this dispute and a class action lawsuit, that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

29. Should the Court require further proof of the amount in controversy, UKG requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount-in-controversy is satisfied pursuant to 28 U.S.C. § 1332.

Dated:   March 9, 2023

Respectfully submitted,

COZEN O'CONNOR

By: _____
Melissa Siebert (*Pro Hac Vice Pending*)
Erin Bolan Hines (*Pro Hac Vice Pending*)
Rebekah R. Shapiro
Attorneys for Defendant
UKG INC.